IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CV-131-BM

| | |
|---|---|
| OWEN WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| FRANK BISIGNANO, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This case, an appeal from a denial of an application for a period of disability and disability insurance benefits, comes before the court on the consent motion [DE-23] by plaintiff Owen Williams ("plaintiff"), with supporting exhibits [DE-23-1 to -3]. Plaintiff consulted with counsel for the Commissioner, and the Commissioner consented to the requested fee in this matter regarding plaintiff's recovery of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). *See* [DE-23] at 3.

Under the EAJA, a private litigant, as a prevailing party against the United States, is presumptively entitled to attorney's fees and costs unless the position of the United States was substantially justified or special circumstances would make the award unjust. 28 U.S.C. § 2412(d)(1)(A). The EAJA's applicability to Social Security appeals before the district court is well established. *See Guthrie v. Schweiker*, 718 F.2d 104, 107 (4th Cir. 1988). Litigants are considered "prevailing parties" under the EAJA "if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Rhoten v. Bowen*, 854 F.2d 667, 669 (4th Cir. 1988). In Social Security appellate litigation, a party obtaining a

remand order under sentence four of 42 U.S.C. § 405(g) from denial of benefits satisfies the prevailing party threshold.  *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993).

Here, by order entered September 10, 2025 [DE-21], the court allowed the Commissioner's consent motion for remand and directed that the case be remanded for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  Plaintiff is therefore the prevailing party.  Plaintiff requests an award of fees in the amount of $7,500.00, and the Commissioner consents to this requested amount.  *See* [DE-23] at 3.  The court finds the agreed upon amount to be reasonable.

It is therefore ORDERED that:

1. The consent motion is ALLOWED.

2. The Commissioner shall pay $7,500.00 in attorney's fees associated with this case in full satisfaction of any and all claims arising under the EAJA.

3. Provided that the award to plaintiff is not subject to the Treasury Offset Program ("Program"), payment shall be made by check payable to plaintiff's counsel, Charlotte Hall, and mailed to counsel at the following address pursuant to plaintiff's assignment [DE-23-2] to his attorney of the right to payment of attorney's fees under the EAJA:

> Charlotte Hall
> Post Office Box 58129
> Raleigh, North Carolina 27658

4. If the award is subject to the Program, the balance shall be mailed to Attorney Hall at the above address and the check made payable to her if allowed by the Program.

This 29th day of September, 2025.

_____
Brian S. Meyers
United States Magistrate Judge